**Weil, Gotshal & Manges LLP**

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

September 18, 2025

The Honorable Arun Subramanian
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: **Request to Seal Confidential Information in** *WarnerMedia Network Sales, Inc. v. DISH Network L.L.C.*, **No. 1:25-cv-07463 (AS) [rel. 1:25-cv-07169 (AS)]**

Dear Judge Subramanian:

    Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiffs WarnerMedia Network Sales, Inc. (f/k/a Turner Network Sales, Inc.), Discovery Communications, LLC, Scripps Networks, LLC, The Travel Channel, L.L.C., Television Food Network, G.P., and Cooking Channel, LLC (collectively, "**Programmers**") respectfully request the Court's approval to redact and file under seal certain confidential and commercially sensitive documents and information in connection with Programmers' motion for a preliminary injunction.

    Specifically, Programmers respectfully seek permission to seal: (a) Exhibits A, B, C and D to the Declaration of Scott Miller ("**Miller Declaration**"), which are the affiliation agreements between Programmers and Defendant (the "**DISH Affiliation Agreements**") that were exhibits to the Complaint that were filed under seal; (b) the rights fees that Programmers have agreed to pay for certain sports media rights, which are reflected in in the Declaration of Raphael Poplock ("**Poplock Declaration**"); (c) Exhibits E and F to the Miller Declaration, which reflect confidential and commercially sensitive communications between Mr. Miller and a third-party competitor of DISH, which Programmers have designed "Highly Confidential – Attorneys' Eyes Only Information" pursuant to the Protective Order; (d) Exhibits Q and R to the Declaration of Jon Ward, which are letters between counsel for Programmers and Defendant DISH Network L.L.C. ("**DISH**") pertaining to the terms of the DISH Affiliation Agreements; and (e) certain portions of Programmers' memorandum of law in support of their motion for a preliminary injunction (the "**Memorandum**"), the Miller Declaration, and the Poplock Declaration that reflect the same confidential and competitively sensitive information discussed above.

    Good cause exists to seal and redact the confidential materials described above. Under *Lugosch v. Pyramid Co. of Onondaga*, courts in the Second Circuit weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties, and documents may require confidential treatment where it is "essential to preserve higher values and are

Weil, Gotshal & Manges LLP

September 18, 2025
Page 2

narrowly tailored to serve that interest." 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted). "Business secrecy" is a well-established factor "outweigh[ing] the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . .").

Courts in this district grant requests to seal confidential contractual materials like those at issue here where the moving party shows that they are likely to suffer competitive harm if the materials were to be disclosed publicly. *See, e.g.*, *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529, at *2-3 (S.D.N.Y Mar. 22, 2021) (granting motion to seal documents containing the terms of confidential licensing agreements). And courts have found that a likelihood of competitive harm exists and "warrants sealing" where, as here, the public disclosure of the materials in question would "provid[e] future counterparties with insights into how, and on what terms, agreements could be reached, that those counterparties otherwise would not have[.]" *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2025 U.S. Dist. LEXIS 80568, at *6 (S.D.N.Y. Apr. 24, 2025) (sealing agreement on this basis).

The confidential and sensitive business information that Programmers seek to seal here readily meet this standard. The DISH Affiliation Agreements reflect the same confidential, commercially sensitive business information that Judge Engelmayer previously ordered be sealed when Programmers filed their Complaint. *See* Order, *WarnerMedia Network Sales, Inc. v. DISH Network L.L.C.*, No. 25 Misc. 381 (PAE) (S.D.N.Y. Sept. 8, 2025). Courts in this district have recognized that licensing agreements, including distribution agreements for television networks like the DISH Affiliation Agreements here, should be sealed because disclosure of this information could harm the parties' competitive position, ongoing commercial relationships, and ability to negotiate future agreements. *FuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal "commercially sensitive and confidential business information," including "documents that concern Fubo's carriage agreements with Defendants[.]"); *see also Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 U.S. Dist. LEXIS 157424, at *4 (S.D.N.Y. Aug. 27, 2024) (granting sealing of Coach's licensing agreement in its entirety "because its disclosure may harm Coach 'by disadvantaging [it] in negotiating future licensing agreements.'") (citation omitted). Counsel for DISH consented to Programmers filing this information under seal by email dated September 9, 2025.

The same concerns apply equally to the testimony and documents concerning the significant rights fees that Programmers pay for the media rights to popular live sporting events, as well as Programmers' communications with other distributors that compete with DISH. Programmers do not publicly disclose their sports rights fees because that information, if publicly disclosed, could be used against them in future negotiations. Further, disclosure of Programmers' communications with other distributors that compete with DISH could harm Programmers' goodwill with those distributors, as well as the other distributors' own competitive positions, ongoing commercial relationships, and ability to negotiate future agreements. For these reasons, courts in this district regularly grant requests to seal similar financial and competitively

**Weil, Gotshal & Manges LLP**

September 18, 2025
Page 3

sensitive information. *See, e.g.*, *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing information that included company's "financial income statements, forecasts, and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "[p]laintiffs would be competitively harmed if they were revealed"); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing of information that would reveal "confidential negotiations" with a customer).

Accordingly, Programmers respectfully request that the Court grant Programmers' request to file (a) redacted versions of the Memorandum, the Miller Declaration, and the Poplock Declaration on the public docket, and (b) unredacted versions of the Memorandum, the Miller Declaration, and the Poplock Declaration, as well as Exhibits A, B, C, D, E, F, Q, and R, under seal. The Memorandum, the Miller Declaration, and the Poplock Declaration are being filed concurrently with this letter motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We have met and conferred with counsel for DISH, and DISH consents to sealing of material that is subject to the Protective Order.

Respectfully submitted,

*/s/ David L. Yohai*
David L. Yohai

*Counsel for Plaintiffs*

CC: All counsel of record (via ECF)

GRANTED.

The Clerk of Court is directed to terminate the motion at Dkt. 19.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 17, 2025