**Weil, Gotshal & Manges LLP**

GRANTED.

VIA ECF

The Clerk of Court is directed to terminate the motion at Dkt. 53.

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

SO ORDERED.

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

October 17, 2025

Arun Subramanian, U.S.D.J.
Date: October 28, 2025

The Honorable Arun Subramanian
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: **Request to Seal Confidential Information in** *WarnerMedia Network Sales, Inc. v. DISH Network L.L.C.*, **No. 1:25-cv-07463 (AS) [rel. 1:25-cv-07169 (AS)]**

Dear Judge Subramanian:

    Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiffs WarnerMedia Network Sales, Inc. (f/k/a Turner Network Sales, Inc.), Discovery Communications, LLC, Scripps Networks, LLC, The Travel Channel, L.L.C., Television Food Network, G.P., and Cooking Channel, LLC (collectively, "**Programmers**") respectfully request the Court's approval to redact and file under seal certain confidential and commercially sensitive documents and information in connection with Programmers' motion for a preliminary injunction.

    Specifically, Programmers respectfully seek permission to seal: certain portions of the Programmers' reply memorandum of law in support of their motion for a preliminary injunction (the "**Reply Memorandum**"); the Reply Declaration of Scott Miller ("**Miller Reply Declaration**"); the Reply Declaration of Jill Steinhauser ("**Steinhauser Reply Declaration**"); and the Rebuttal Declaration of Allan Shampine ("**Shampine Declaration**"). The information Programmers seek to seal includes references in these documents to the terms of their affiliation agreements with Defendant DISH Network L.L.C. ("**DISH**") and other competitive and commercially sensitive information, including non-public financial information and information previously designated by the parties as "Confidential" and "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

    Good cause exists to seal and redact the material described above. Under *Lugosch v. Pyramid Co. of Onondaga*, courts in the Second Circuit weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties, and documents may require confidential treatment where it is "essential to preserve higher values and is narrowly tailored to serve that interest." 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted). "Business secrecy" is a well-established factor "outweigh[ing] the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for

**Weil, Gotshal & Manges LLP**

October 17, 2025
Page 2

good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . .").

  Courts in this district grant requests to seal commercially sensitive business and financial information like the information at issue here, including confidential contractual terms, non-public financial information, and other competitive and commercially sensitive information, where, as here, the moving party shows they are likely to suffer competitive harm if the materials were to be disclosed publicly. *See, e.g.*, *FuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal "commercially sensitive and confidential business information," including "documents that concern Fubo's carriage agreements with Defendants[.]"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529, at *2-3 (S.D.N.Y Mar. 22, 2021) (granting motion to seal documents containing the terms of confidential licensing agreements); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing information that included company's "financial income statements, forecasts, and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "[p]laintiffs would be competitively harmed if they were revealed"). Courts have found that a likelihood of competitive harm exists and "warrants sealing" where, like here, public disclosure of the materials in question would "provid[e] future counterparties with insights into how, and on what terms, agreements could be reached, that those counterparties otherwise would not have[.]" *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2025 U.S. Dist. LEXIS 80568, at *6 (S.D.N.Y. Apr. 24, 2025) (sealing agreement on this basis).

  Here, Programmers seek to seal the same confidential, commercially sensitive business information that this Court has already ordered be sealed in this case, including the terms of the parties' affiliation agreements, sensitive financial information, communications with other distributors, and information that DISH designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. *See* ECF No. 50 (granting Programmers' motion to seal); ECF No. 51 (granting DISH's motion to seal); *see also* Order, *WarnerMedia Network Sales, Inc. v. DISH Network L.L.C.*, No. 25 Misc. 381 (PAE) (S.D.N.Y. Sept. 8, 2025) (sealing similar information in connection with Programmers' Complaint). Public disclosure of the terms of the parties' affiliation agreements and other information at issue here would harm both parties, for the reasons previously discussed. *See, e.g.*, ECF Nos. 19, 33. Accordingly, good cause exists to maintain this confidential, sensitive business information under seal.

  Accordingly, Programmers respectfully request that the Court grant Programmers' request to file (a) redacted versions of the Reply Memorandum, the Miller Reply Declaration, the Steinhauser Reply Declaration, and the Shampine Declaration on the public docket, and (b) unredacted versions of those documents under seal. Highlighted and redacted versions of these documents are being filed concurrently with this letter motion pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

**Weil, Gotshal & Manges LLP**

October 17, 2025
Page 3

      We have met and conferred with counsel for DISH, and DISH consents to Programmers' request to seal this information.

Respectfully submitted,

*/s/ David L. Yohai*
David L. Yohai

*Counsel for Plaintiffs*

CC: All counsel of record (via ECF)