Elyse D. Echtman
+1 212 378-7551 direct
eechtman@steptoe.com

1114 Avenue of the Americas
New York, NY 10036-7703
212 506 3900 main
www.steptoe.com

**Steptoe**

November 5, 2025

**Via ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Letter-Motion to Seal Portions of Defendant's Motion to Disqualify Allan Shampine, Ph.D., from Acting as Plaintiffs' Expert, *WarnerMedia Network Sales, Inc. et al., v. DISH Network L.L.C.*, 1:25-cv-07463-AS (rel: 1:25-cv-07169-AS)

Dear Judge Subramanian:

Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Defendant DISH Network L.L.C. ("DISH"), respectfully requests the Court's approval to redact and file under seal certain confidential and commercially sensitive information in connection with DISH's Motion to Disqualify Allan Shampine, Ph.D., from Acting as Plaintiffs' Expert.

Specifically, DISH respectfully seeks permission to seal the following commercially sensitive and confidential business information:

- Certain portions[*] of DISH's Memorandum of Law in support of its Motion to Disqualify Allan Shampine, Ph.D., from Acting as Plaintiffs' Expert ("Memorandum") that pertain to the terms of DISH's carriage agreements, DISH's sensitive financial information, and DISH's confidential business strategy;

- Certain portions[*] of the Declaration of Andrew Golodny that pertain to and rely on these same topics; and

---

[*]   DISH has designated certain portions of these materials "Highly Confidential—Attorneys' Eyes Only Information," and certain other portions "Confidential Information," pursuant to the Protective Order.

1

- Exhibit 1 to the Golodny Declaration, which is a confidential agreement.

There is good cause to seal and redact the confidential materials identified above. Courts in the Second Circuit assess the public's right of access to judicial documents against countervailing factors, including privacy interests of the parties, and may award confidential treatment to documents when "sealing is necessary to preserve higher values and . . . the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Where, as here, there is a "possibility of competitive harm to an enterprise if confidential business information is disclosed," courts in this district have explained that there may "be an interest meriting sealing." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (collecting cases); *id.* at *6 ("[B]usiness data such as pricing information and negotiations may remain under seal even where the First Amendment is implicated."); *id.* at *12 (sealing "recent, non-public, information that will work a competitive harm . . . if it is released.").

Considering these principles, sealing is warranted. The Memorandum contains proprietary financial and business strategy, such as DISH's licensing agreements with Plaintiffs and third-parties. *fuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal fuboTV's carriage agreements and proprietary financial analyses, marketing data, and business strategies). The terms of DISH's carriage agreements are confidential, and disclosure of their details would hinder DISH's ability to negotiate future licensing agreements with other distribution partners, placing the company at a competitive disadvantage. *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024) (granting motion to seal licensing agreement because it could disadvantage future agreement negotiations).

Further, sealing is justified here to protect non-parties' business and financial records. *See Popovchak v. UnitedHealth Grp. Inc.*, No. 22-CV-10756 (DEH), 2025 WL 1312879 at * 4 (S.D.N.Y. May 6, 2025) (citing *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264 at * 3 (S.D.N.Y. June 17, 2020) ("Moreover, 'protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents,'"); *see Locus Techs. v. Honeywell Int'l Inc.*, No. 19 CIV. 11532 (PGG) (KHP), 2024 WL 5103334 at * 14 (S.D.N.Y. Dec. 13, 2024) ("The 'privacy interests of third parties' can justify the sealing of documents.").

Finally, the highly sensitive and confidential business materials discussed in the Memorandum, Golodny Declaration and attached exhibit are comparable to the documents filed in connection with Plaintiffs' Motion for Preliminary Injunction and Reply in Support of its Motion for Preliminary Injunction. *See* Dkt. 19, 53. Plaintiffs' sealed documents similarly include contracts and their sensitive terms, materials pertaining to negotiation and business strategies, and sensitive financial information.

Accordingly, DISH respectfully requests that the Court grant DISH's request to file a redacted version of the Memorandum and Golodny Declaration. The Memorandum and Golodny Declaration are being filed concurrently with this letter motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We have met and conferred with counsel for Plaintiffs, and Plaintiffs consent to sealing of material that is subject to the Protective Order.

Respectfully submitted,

*/s/ Elyse D. Echtman*
Elyse D. Echtman
*Counsel for Defendant*

cc: All counsel of record

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 88.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 6, 2025

3