GRANTED. The Clerk of Court is
directed to terminate the motion at Dkt.
85.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 7, 2025

Elyse D. Echtman
+1 212 378-7551 direct
eechtman@steptoe.com

1114 Avenue of the Americas
New York, NY 10036-7703
212 506 3900 main
www.steptoe.com

**Steptoe**

November 3, 2025

**Via ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:    Letter-Motion to Seal Portions of Defendant's Sur-Reply in Further Support of its Opposition to Plaintiffs' Motion for a Preliminary Injunction,** *WarnerMedia Network Sales, Inc. et al., v. DISH Network L.L.C.***, 1:25-cv-07463-AS (rel: 1:25-cv-07169-AS)**

Dear Judge Subramanian:

Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Defendant DISH Network L.L.C. ("DISH"), respectfully requests the Court's approval to redact and file under seal certain confidential and commercially sensitive information in connection with DISH's Sur-Reply in further support of its Opposition to Plaintiffs' Motion for a Preliminary Injunction.

Specifically, DISH respectfully seeks permission to seal certain portions of Defendant's Sur-Reply Memorandum of Law in further support of its Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Sur-Reply") that pertain to the terms of DISH's carriage agreements, DISH's sensitive financial information, and DISH's confidential business strategy.

There is good cause to seal and redact the confidential materials identified above. Courts in the Second Circuit assess the public's right of access to judicial documents against countervailing factors, including privacy interests of the parties, and may award confidential treatment to documents when "sealing is necessary to preserve higher values and . . . the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Where, as here, there is a "possibility of competitive harm to an enterprise if confidential business

information is disclosed," courts in this district have explained that there may "be an interest meriting sealing." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (collecting cases); *id.* at *6 ("[B]usiness data such as pricing information and negotiations may remain under seal even where the First Amendment is implicated."); *id.* at *12 (sealing "recent, non-public, information that will work a competitive harm . . . if it is released.").

Considering these principles, sealing is warranted. The Memorandum contains proprietary financial and business strategy, as well as the terms of DISH's licensing agreements with Plaintiffs. *fuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal fuboTV's carriage agreements and proprietary financial analyses, marketing data, and business strategies). The terms of DISH's carriage agreements are confidential, and disclosure of their details would hinder DISH's ability to negotiate future licensing agreements with other distribution partners, placing the company at a competitive disadvantage. *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024) (granting motion to seal licensing agreement because it could disadvantage future agreement negotiations).

Finally, the Memorandum is comparable to the documents filed in connection with Plaintiffs' Motion for Preliminary Injunction and Reply in Support of its Motion for Preliminary Injunction. *See* Dkt. 19, 53. Plaintiffs' sealed documents similarly include contracts and their sensitive terms, materials pertaining to negotiation and business strategies, and sensitive financial information.

Accordingly, DISH respectfully requests that the Court grant DISH's request to file a redacted version of the Sur-Reply. The Sur-Reply is being filed concurrently with this letter motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We have met and conferred with counsel for Plaintiffs, and Plaintiffs consent to sealing of material that is subject to the Protective Order.

Respectfully submitted,

*/s/ Elyse D. Echtman*
Elyse D. Echtman
*Counsel for Defendant*

cc: All counsel of record

2