Elyse D. Echtman
+1 212 378-7551 direct
eechtman@steptoe.com

1114 Avenue of the Americas
New York, NY 10036-7703
212 506 3900 main
www.steptoe.com

> The parties shall submit proposed redacted versions of the transcripts within three business days of the date of this Order, and then the Court will determine whether sealing is warranted. The redactions should be sparing.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: November 7, 2025

**Steptoe**

November 6, 2025

**Via ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  Letter-Motion to Seal Transcripts of October 31, 2025 In-Person Conference and November 5, 2025 Hearing in *WarnerMedia Network Sales, Inc. et al., v. DISH Network L.L.C.*, 1:25-cv-07463-AS (rel: 1:25-cv-07169-AS)

Dear Judge Subramanian:

Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiffs WarnerMedia Network Sales, Inc. et al. ("Plaintiffs") and Defendant DISH Network L.L.C. ("Defendant," and together with Plaintiffs, the "Parties"), jointly and respectfully request the Court's approval to seal certain confidential information reflected in the transcripts of the October 31, 2025 in-person conference and November 5, 2025 hearing on Plaintiffs' motion for a preliminary injunction.[1] There is good cause to seal these portions of the transcripts, which include detailed discussions of the Parties' commercially sensitive and confidential business information, which has been designated by the Parties as confidential and highly confidential pursuant to the Protective Order in this matter.  *See* Dkt. 11.

In determining whether sealing is appropriate, courts assess the public's right of access to judicial documents against countervailing factors, including privacy interests of the parties, but even "where the First Amendment is implicated," "business data such as pricing information and negotiations"—all of which were discussed on the record at these proceedings—"may remain under seal." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134,

---

[1] The Court provisionally sealed the transcripts by oral order at the conclusion of each proceeding, pending the filing of the instant letter-motion.

at *6 (S.D.N.Y. Jan. 17, 2023). *See also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting motion to seal "copies of business agreements and patent licensing agreements"); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (sealing pricing information, marketing strategies, and details of agreements between the movant and third-parties, among other categories of information).

The terms of the Parties' licensing agreements were discussed in extensive detail at the in-person conference and hearing, including such details as the term of the contracts and the precise wording of many subsections of the present agreements, and the terms and negotiations of previous agreements. In addition, confidential and proprietary information was elicited with commercially sensitive details of DISH's Sling Pass sales as well as certain of DISH's confidential internal processes. The terms of the Parties' agreements are confidential, and disclosure of their details would hinder the Parties' ability to negotiate future licensing agreements with other partners, placing Plaintiffs and Defendant at a competitive disadvantage. DISH's sales and internal processes are also confidential and competitively sensitive. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615 (2d Cir. 2009) (sealing information where disclosure could cause movant "significant competitive disadvantage"); *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (sealing contracts between Netflix and writers, which are "proprietary and confidential materials about business operations that, if disclosed, have the potential to harm Netflix's competitive standing"); *In re Keurig*, 2023 WL 196134, at *12 (sealing "recent, non-public, information that will work a competitive harm . . . if it is released").

Accordingly, the Parties respectfully request that the Court seal the transcripts of the October 31, 2025 in-person conference and the November 5, 2025 hearing. If the Court grants the request, the Parties will submit proposed redacted versions of the transcripts within three business days of the resolution of this letter-motion.

Respectfully submitted,

*/s/ David Yohai*
David Yohai
*Counsel for Plaintiffs*

*/s/ Elyse D. Echtman*
Elyse D. Echtman
*Counsel for Defendant*

cc: All counsel of record