**Weil, Gotshal & Manges LLP**

*The parties' joint letter-motion to seal, Dkt. 96, is GRANTED.*

*The Court has reviewed the proposed redactions and appreciates that they are narrowly tailored.*

*The Clerk of Court is directed to terminate the motion at Dkt. 96.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Date: November 13, 2025*

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

November 12, 2025

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re: Jointly Proposed Redactions to Conference and Hearing Transcripts in *WarnerMedia Network Sales, Inc. v. DISH Network L.L.C.*, No. 1:25-cv-07463 (AS) [rel. 1:25-cv-07169 (AS)]**

Dear Judge Subramanian:

  Pursuant to the Court's November 7, 2025 Order (ECF No. 98), Plaintiffs WarnerMedia Network Sales, Inc. (f/k/a Turner Network Sales, Inc.), Discovery Communications, LLC, Scripps Networks, LLC, The Travel Channel, L.L.C., Television Food Network, G.P., and Cooking Channel, LLC (collectively, "**Programmers**") and Defendant DISH Network L.L.C. ("**Defendant**," and together with Plaintiffs, the "**Parties**"), respectfully request that the Court maintain under seal certain confidential, commercially sensitive business information reflected in the transcripts of the October 31, 2025 in-person conference and November 5, 2025 hearing on Plaintiffs' motion for a preliminary injunction (the "**Transcripts**"). Per the Court's instructions, the Parties respectfully submit proposed redacted versions of the Transcripts, which are attached hereto as Exhibit A and Exhibit B.

  As described in the Parties' joint letter-motion to seal these Transcripts (ECF No. 96), good cause exists to seal testimony revealing certain terms of the Parties' licensing agreements and other confidential, commercially sensitive business information. Under *Lugosch v. Pyramid Co. of Onondaga*, courts in the Second Circuit weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties, and documents may require confidential treatment where it is "essential to preserve higher values and is narrowly tailored to serve that interest." 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted). "Business secrecy" is a well-established factor "outweigh[ing] the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . .").

  Courts in this district grant requests to seal confidential, commercially sensitive business information like the information at issue here, including confidential contractual terms and other competitive and commercially sensitive information, where, as here, the moving party shows they are

**Weil, Gotshal & Manges LLP**

November 12, 2025
Page 2

likely to suffer competitive harm if the materials were to be disclosed publicly. *See, e.g.*, *FuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal "commercially sensitive and confidential business information," including "documents that concern Fubo's carriage agreements with Defendants[.]");*Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing information that included company's "financial income statements, forecasts, and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "[p]laintiffs would be competitively harmed if they were revealed"). Courts have found that a likelihood of competitive harm exists and "warrants sealing" where, like here, public disclosure of the materials in question would "provid[e] future counterparties with insights into how, and on what terms, agreements could be reached, that those counterparties otherwise would not have[.]" *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2025 U.S. Dist. LEXIS 80568, at *6 (S.D.N.Y. Apr. 24, 2025) (sealing agreement on this basis).

Here, the proposed redactions are narrowly tailored and include terms of the parties' affiliation agreements that are particularly sensitive and not directly at issue in this case, as well as testimony describing sensitive internal analyses and proprietary financial and subscriber data. The Court has previously granted motions to seal the same confidential, commercially sensitive business information. *See, e.g.*, ECF Nos. 50, 51, 76, 77, 83, 97. Sealing is warranted because these narrowly tailored redactions to the Transcripts appropriately balance the Parties' need to protect this information against the public's right of access. *See BakeMark USA LLC v. Negron*, No. 23CV2360ATBCM, 2024 WL 182505, at *5 (S.D.N.Y. Jan. 16, 2024) (granting motion to redact and seal evidentiary hearing transcript "[g]iven the parties' competitive interest in the information they seek to redact, the information's minimal relevance to the dispute before the Court, and the targeted nature of the proposed redactions").

Accordingly, the Parties respectfully request that the Court permanently seal the unredacted versions of the Transcripts and file in their place the redacted versions of the Transcripts attached hereto as Exhibit A and Exhibit B. Pursuant to the Court's individual practices, the Parties are submitting unredacted versions of the Transcripts with their proposed redactions highlighted as Exhibits C and D.

Respectfully submitted,

*/s/ David L. Yohai*  
David L. Yohai

*Counsel for Plaintiffs*

*/s/ Elyse D. Echtman*  
Elyse D. Echtman

*Counsel for Defendant*

cc: All counsel of record (via ECF)