# Weil, Gotshal & Manges LLP

VIA ECF

<span style="color:blue">GRANTED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 112.</span>

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

December 26, 2025

<span style="color:blue">SO ORDERED.</span>

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

<span style="color:blue">Arun Subramanian, U.S.D.J.
Date: December 29, 2025</span>

**Re: Request to Seal Confidential Information in *WarnerMedia Network Sales, Inc. v. DISH Network L.L.C.*, No. 1:25-cv-07463 (AS) [rel. 1:25-cv-07169 (AS)]**

Dear Judge Subramanian:

Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiffs WarnerMedia Network Sales, Inc. (f/k/a Turner Network Sales, Inc.), Discovery Communications, LLC, Scripps Networks, LLC, The Travel Channel, L.L.C., Television Food Network, G.P., and Cooking Channel, LLC (collectively, "**Programmers**") respectfully request the Court's approval to redact and file under seal certain confidential and commercially sensitive information referenced in and attached to Programmers' Amended Complaint against Defendant DISH Network L.L.C. ("**DISH**").

Under *Lugosch v. Pyramid Co. of Onondaga*, courts in the Second Circuit weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties, and documents may require confidential treatment where it is "essential to preserve higher values and is narrowly tailored to serve that interest." 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted). "Business secrecy" is a well-established factor "outweigh[ing] the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . .").

Courts in this district grant requests to seal commercially sensitive business information like the information at issue here, including confidential contractual terms and other competitive and commercially sensitive information, where, as here, the moving party shows they are likely to suffer competitive harm if the materials were to be disclosed publicly. *See, e.g.*, *FuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal "commercially sensitive and confidential business information," including "documents that concern Fubo's carriage agreements with Defendants[.]"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529, at *2-3 (S.D.N.Y Mar. 22, 2021) (granting motion to seal documents containing the terms of confidential licensing

WEIL\101009802\2\41659.0072

**Weil, Gotshal & Manges LLP**

December 26, 2025
Page 2

agreements); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing information that included company's "financial income statements, forecasts, and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "[p]laintiffs would be competitively harmed if they were revealed"). Courts have found that a likelihood of competitive harm exists and "warrants sealing" where, like here, public disclosure of the materials in question would "provid[e] future counterparties with insights into how, and on what terms, agreements could be reached, that those counterparties otherwise would not have[.]" *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2025 U.S. Dist. LEXIS 80568, at *6 (S.D.N.Y. Apr. 24, 2025) (sealing agreement on this basis).

Here, the information Programmers seek to seal includes confidential terms of the parties' affiliation agreements, the agreements themselves, and other nonpublic, sensitive business information that the parties have previously designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order entered by the Court in this case. The Court has previously granted leave to file this very information under seal. *See, e.g.,* ECF No. 50 (granting leave to redact confidential terms of the affiliation agreements and to file the documents attached to Programmers' Amended Complaint as Exhibits A-D, F and G under seal); ECF Nos. 51, 107 (granting leave to redact references to DISH's confidential business practices). Public disclosure of certain nonpublic terms of the parties' affiliation agreements and other sensitive information at issue here would harm both parties, for the reasons previously discussed. *See, e.g.*, ECF Nos. 19, 33, 105. As such, good cause exists to maintain the confidentiality of this information under the same principles previously recognized by the Court.

Accordingly, Programmers respectfully request that the Court grant Programmers' request to file a redacted version of the Amended Complaint on the public docket and unredacted versions of the Amended Complaint and the confidential exhibits thereto under seal. Highlighted and redacted versions of the Amended Complaint are being filed concurrently with this letter motion pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We have met and conferred with counsel for DISH, and DISH consents to Programmers' request to seal this information.

Respectfully submitted,

*/s/ David L. Yohai*
David L. Yohai

*Counsel for Plaintiffs*

CC: All counsel of record (via ECF)