# Weil, Gotshal & Manges LLP

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

February 23, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re: Request to Seal Confidential Information in** *WarnerMedia Network Sales, Inc. v. DISH Network L.L.C.***, No. 1:25-cv-07463 (AS) [rel. 1:25-cv-07169 (AS)]**

Dear Judge Subramanian:

Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiffs WarnerMedia Network Sales, Inc. (f/k/a Turner Network Sales, Inc.), Discovery Communications, LLC, Scripps Networks, LLC, The Travel Channel, L.L.C., Television Food Network, G.P., and Cooking Channel, LLC (collectively, "**Programmers**") respectfully request the Court's approval to redact and file under seal certain confidential and commercially sensitive information referenced in Programmers' Memorandum of Law in Support of Their Partial Motion to Dismiss or Strike (the "**Memorandum**"), as well as in Programmers' Answer to DISH's Amended Counterclaims (the "**Answer**") and the exhibits thereto.

Under *Lugosch v. Pyramid Co. of Onondaga*, courts in the Second Circuit weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties, and documents may require confidential treatment where it is "essential to preserve higher values and is narrowly tailored to serve that interest." 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted). "Business secrecy" is a well-established factor "outweigh[ing] the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . .").

Courts in this district grant requests to seal commercially sensitive business information like the information at issue here, including confidential contractual terms and other competitive and commercially sensitive information, where, as here, the moving party shows they are likely to suffer competitive harm if the materials were to be disclosed publicly. *See, e.g.*, *FuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal "commercially sensitive and confidential business information," including "documents that concern Fubo's carriage agreements with

**Weil, Gotshal & Manges LLP**

February 23, 2026
Page 2

Defendants[.]”); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529, at *2-3 (S.D.N.Y Mar. 22, 2021) (granting motion to seal documents containing the terms of confidential licensing agreements); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing information that included company's "financial income statements, forecasts, and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "[p]laintiffs would be competitively harmed if they were revealed"). Courts have found that a likelihood of competitive harm exists and "warrants sealing" where, like here, public disclosure of the materials in question would "provid[e] future counterparties with insights into how, and on what terms, agreements could be reached, that those counterparties otherwise would not have[.]" *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2025 U.S. Dist. LEXIS 80568, at *6 (S.D.N.Y. Apr. 24, 2025) (sealing agreement on this basis).

Here, the information Programmers seek to seal pertains to confidential terms of the affiliation agreements and other agreements between the parties and the confidential terms of a separate agreement between Programmers and a third-party distributor (with which DISH competes), and sensitive discussions concerning the parties' rights and obligations under those agreements. The Court has previously granted leave to file this information under seal. *See* ECF Nos. 129, 148 (granting DISH's letter motions to redact portions of its Counterclaims and Amended Counterclaims pertaining to the same confidential terms, discussions, and letters Programmers seek to seal here). Public disclosure of the sensitive information at issue here would harm both parties, for reasons previously discussed in prior letter motions to seal materials in this matter. *See, e.g.*, ECF Nos. 19, 33, 105, 125. As such, good cause exists to maintain the confidentiality of this information under the same principles previously recognized by the Court.

Accordingly, Programmers respectfully request that the Court grant Programmers' request to file redacted versions of the Memorandum, the Answer, and the confidential exhibits attached to the Answer on the public docket and unredacted versions of the same documents under seal. Highlighted and redacted versions of the Memorandum and the Answer are being filed concurrently with this letter motion pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We have met and conferred with counsel for DISH, and DISH consents to Programmers' request to seal this information.

Respectfully submitted,

/s/ David L. Yohai
David L. Yohai

*Counsel for Plaintiffs*

CC: All counsel of record (via ECF)

This motion to seal, and the parties' pending motions to seal at Dkts. 132 and 139, are GRANTED.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 132, 139, and 149.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 24, 2026