Elyse D. Echtman
+1 212 378-7551 direct
eechtman@steptoe.com
1114 Avenue of the Americas
New York, NY 10036-7703
212 506 3900 main
www.steptoe.com

**Steptoe**

March 9, 2026

**Via ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:    Letter-Motion to Seal Portions of Defendant's Opposition to Plaintiff's Partial Motion to Dismiss or Strike, *WarnerMedia Network Sales, Inc. et al., v. DISH Network L.L.C.*, 1:25-cv-07463-AS (rel: 1:25-cv-07169-AS)**

Dear Judge Subramanian:

Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Defendant/Counterclaim Plaintiff DISH Network L.L.C. ("DISH"), respectfully requests the Court's approval to redact certain confidential and commercially sensitive information in connection with DISH's Opposition to Plaintiffs/Counterclaim Defendants' Partial Motion to Dismiss or Strike (the "Opposition").

Specifically, DISH respectfully seeks permission to seal the following commercially sensitive and confidential business information:

- Certain portions\* of the Opposition that pertain to the terms and negotiation of DISH's carriage and licensing agreements, confidential contract terms, and DISH's confidential business strategy.

There is good cause to seal and redact the confidential materials identified above.  Courts in the Second Circuit assess the public's right of access to judicial documents against countervailing factors, including privacy interests of the parties, and may award confidential treatment to documents when "sealing is necessary to preserve higher values and . . . the sealing order is narrowly tailored to achieve that aim."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Where, as here, there is a "possibility of competitive harm to an enterprise if confidential business

---

\*        DISH has designated certain portions of these materials "Confidential Information," pursuant to the Protective Order.

information is disclosed," courts in this district have explained that there may "be an interest meriting sealing." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (collecting cases); *id.* at *12 (sealing "recent, non-public, information that will work a competitive harm . . . if it is released.").

Considering these principles, sealing is warranted. The Opposition contains the terms of DISH's licensing agreements with Plaintiffs/Counterclaim Defendants. The terms of DISH's carriage agreements are confidential, and disclosure of their details would hinder DISH's ability to negotiate future licensing agreements with other distribution partners, placing the company at a competitive disadvantage. *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024) (granting motion to seal licensing agreement because it could disadvantage future agreement negotiations).

Finally, the Opposition is comparable to the documents filed in connection with Plaintiffs' Amended Complaint and Defendant's Counterclaim, which were ordered sealed by the Court. Dkt. 113, 116, 121, 125, 128, 129, 148. Plaintiffs' sealed documents similarly include contracts and their sensitive terms, and materials pertaining to business strategies.

Accordingly, DISH respectfully requests that the Court grant DISH's request to file a redacted version of the Opposition. The Amended Counterclaim is being filed concurrently with this letter motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We have met and conferred with counsel for Plaintiffs/Counterclaim Defendants, and Plaintiffs/Counterclaim Defendants consent to sealing of material that is subject to the Protective Order.

Respectfully submitted,

*/s/ Elyse D. Echtman*
Elyse D. Echtman
*Counsel for Defendant*

cc: All counsel of record

GRANTED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 160.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 10, 2026

2